# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WILBERT THOMPSON, JUNE THOMPSON, AND SOPHIA THOMPSON** | * * * * | **CIVIL ACTION NO.** |
| **VERSUS** | * * * | **DISTRICT JUDGE** |
| **SCOTT ZIELINSKI, EPES TRANSPORT SYSTEM, OLD REPUBLIC, AON RISK SERVICES AND GALLAGHER BASSET SERVICES** | * * * * * | **MAGISTRATE** |

*********************************************

## NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Old Republic Insurance Company, which respectfully avers as follows:

1.

On or about June 23, 2021, Plaintiffs, Wilbert Thompson, June Thompson and Sophia Thompson, filed a Petition for Damages in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, naming Scott Zielinski, EPES Transport System, Old Republic Insurance Company, Aon Risk Services and Gallagher Basset Services, LLC as Defendants. That suit bears docket number 2021-3302, was assigned to Division "L", and is captioned *Wilbert Thompson, June Thompson and Sophia Thompson v. Scott*

*Zielinski, EPES Transport System, Old Republic Insurance Company, Aon Risk Services and Gallagher Basset Services".* A copy of the Petition for Damages is attached hereto as Exhibit "A".

2.

Service of the Petition for Damages was requested on Old Republic Insurance Company through the Louisiana Secretary of State, and Old Republic Insurance Company was served on or about June 30, 2021.

3.

Service of the Petition for Damages was requested upon Scott Zielinski, through the Louisiana Long Arm Statute. As of the date of the filing of this Notice of Removal, Scott Zielinski has not yet been served. Undersigned counsel will represent Scott Zielinski if and when he is properly served. Without waiving the formal requirements of service of process, Scott Zielinski consents to and joins in the Notice of Removal.

4.

Service of the Petition for Damages was requested upon EPES Transport System, LLC through the Louisiana Long Arm Statute. As of the date of the filing of this Notice of Removal, EPES Transport System, LLC has not yet been served. Undersigned counsel will represent EPES Transport System, LLC if and when it is properly served. Without waiving the formal requirements of service of process, EPES Transport System, LLC consents to and joins in this Notice of Removal.

5.

Defendants, Gallagher Bassett Services and Aon Risk Services were improperly joined Defendants.  Neither party was ever served with the lawsuit, and Plaintiffs have dismissed those parties from this suit.  (See attached Exhibit "B", Order of Dismissal.)

6.

It was not facially apparent from the Petition for Damages that the case was removable pursuant to 28 U.S.C § 1331.  Specifically, it was not facially apparent from the Petition for Damages that the amount in controversy exceeded $75,000, exclusive of interest and costs, as is required for removal under diversity of citizenship.  The Petition for Damages was silent, or at best, its allegations were vague and ambiguous with respect to the amount in controversy.  See attached Exhibit "A".

7.

On or about September 16, 2021, Defendant, Old Republic Insurance Company, filed a Dilatory Exception of Vagueness, Ambiguity and Non-Conformity of Petition, seeking to have Plaintiffs ordered to amend her Petition for Damages to specifically allege whether their claims exceed the requisite amount to invoke the jurisdiction of the federal courts, as is required by Louisiana Code of Civil Procedure Article 893.  See attached Exhibit "C".

8.

After the hearing on the Dilatory Exception, Plaintiffs amended their Petition on October 18, 2021.  Unfortunately, the Plaintiffs' Amended Petition merely stated that the damages sought by Plaintiffs, Wilbert Thompson and June Thompson, "may exceed the amount requisite to evoke the jurisdiction of the federal court's and/or the right to trial by

jury". (See attached Exhibit "D", Plaintiffs' First Supplemental and Amended Petition, Paragraph X and XI). The allegations of the First Supplemental and Amended Petition were still vague and ambiguous with regard to the amount in controversy and did not make it facially apparent that the case was removable pursuant to 28 USC § 1331.

9.

On or about February 19, 2022, undersigned counsel was served with Plaintiffs' Responses to Request for Admissions, from Plaintiffs, Wilbert Thompson and June Thompson, in which, for the first time, they admitted that they were claiming damages in excess of $75,000, exclusive of interest and costs. (See attached Exhibits "E" and "F", Plaintiffs' Responses to Request for Admissions).

10.

Based upon the Plaintiffs' Responses to Request for Admission of Fact, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.

Plaintiff, Sophia Thompson, is asserting a claim for loss of consortium. While her claim does not exceed $75,000, exclusive of interest and costs, this Court can exercise supplemental jurisdiction over her claims pursuant to 28 U.S.C. § 1367.

12.

This Notice of Removal is filed within thirty (30) days of service of the Plaintiffs' Responses to Request for Admission of Fact, which was the first paper from which it could be ascertained that the case was removal, and is therefore timely. 28 U.S.C. § 1446(b)(3)

13.

Plaintiffs, Wilbert Thompson, June Thompson and Sophia Thompson, are citizens of the State of Louisiana. (See Plaintiffs' Petition for Damages, attached hereto as Exhibit "A").

14.

Defendant, Scott Zielinski, is a citizen of the State of North Carolina.  (See Plaintiffs' Petition for Damages, attached hereto as Exhibit "A").

15.

Defendant, EPES Transport System, LLC, is a limited liability company formed under the laws of the State of North Carolina and having its principal place of business in the State of North Carolina.  The sole member of EPES Transportation System, LLC is Penske Logistics, LLC, a limited liability corporation formed under the laws of the State of Delaware and having its principal place of business in the State of Pennsylvania.  The sole member of Penske Logistics, LLC is Penske Truck Leasing Co., L.P., a limited partnership formed under the laws of the State of Delaware and having its principal place of business in the State of Pennsylvania.

16.

There are four partners of Penske Truck Leasing Co., L.P.  PTL GP, LLC is the general partner.  The sole member of PTL GP, LLC is LJ VP Holdings, LLC.  The sole member of LJ VP Holdings, LLC is Penske Truck Leasing Corporation, a corporation formed under the laws of the State of Delaware and having its principal place of business in the State of Pennsylvania.

17.

The three limited partners of Penske Truck Leasing Co., L.P. are Penske Truck Leasing Corporation, a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of Pennsylvania; Penske Automotive Group, Inc., a corporation formed under the laws of the State of Delaware and having its principal place of business in the State of Michigan; and MBK USA Commercial Vehicles, Inc., a corporation formed under the laws of the State of Delaware and having its principal place of business in Tokyo, Japan.

18.

Accordingly, for purposes of diversity jurisdiction, EPES Transport System, LLC is deemed to be a citizen of the States of Delaware, Pennsylvania, Michigan and the country of Japan.

19.

Defendant, Old Republic Insurance Company, is a foreign insurer incorporated under the law of the State of Pennsylvania and having its principal place of business in the State of Pennsylvania.

20.

Accordingly, there is complete diversity of citizenship between the Plaintiffs and all named defendants.  As of the date of the filing of this Notice of Removal, Plaintiffs have not named any other defendants.

21.

In accordance with the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

22.

In accordance with 28 U.S.C. § 1446(d), Defendant will provide appropriate notice of this removal to the parties, and to the Clerk of Court for the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana.

## **JURY DEMAND**

Defendant is entitled to and requests trial by jury on all issues herein.

**WHEREFORE**, Defendant, Old Republic Insurance Company, prays that the action entitled *"Wilbert Thompson, June Thompson and Sophia Thompson v. Scott Zielinski, EPES Transport System, Old Republic Insurance Company, Aon Risk Services and Gallagher Basset Services",* bearing docket number *2021-3302*, and assigned to Division "L" of the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, be removed from that State Court docket to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

*/s/ Gerard J. Dragna*
**GERARD J. DRAGNA, #23042**
**C. MICHAEL PARKS, #19727**
**J. EDWARD McAULIFFE, III, #33969**
***Mouledoux, Bland, Legrand & Brackett***
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Tel: (504) 595-3000; Fax: (504) 522-2121
Email: gdragna@mblb.com
Email: mparks@mblb.com
Email: emcauliffe@mblb.com
***Attorneys for Defendants, Old Republic Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 25th day of February, 2022, at their last known address of record.

*/s/ Gerard J. Dragna*

**GERARD J. DRAGNA**

h:\1342\210395- thompson\pleadings\removal\notice of removal.docx