UNITED STATES DOSTRICT COURT
WESTERN DISTRICT OF LOUIAIANA
LAFAYETTE DIVISION

**WILBERT THOMPSON ET AL.**                **CASE NO. 6:22-CV-00562**

**VERSUS**                                 **JUDGE ROBERT R. SUMMERHAYS**

**SCOTT ZIELINSKI ET AL.**                 **MAGISTRATE JUDGE PATRICK J. HANNA**

### ORDER

Now before the Court is Defendant, Scott Zielinski's, motion to dismiss for insufficiency of service of process by plaintiffs Wilbert Thompson, June Thompson, and Sophia Thompson in the above-captioned suit.[1] Plaintiffs initiated suit in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana on or about June 23, 2021.[2] Plaintiffs filed a notice of removal on February 25, 2022.[3] Removal was ordered on March 2, 2022.[4] Defendant filed a motion to dismiss on March 4, 2022, citing La. R.S. 13:3475 as providing that service on non-resident motorists is not complete or effective until the petition and citation have been delivered to the defendant by registered or certified mail.[5]

Defendant correctly interprets §3475. Under §3474, the Louisiana Secretary of State is appointed the agent for service of process to non-resident motorists. Under §3475, "service is valid once it is made on the secretary of state," but "it is not

---

[1]  Rec. Doc. 5
[2]  *Id.*
[3]  Rec. Doc. 1
[4]  Rec. Doc. 5
[5]  *Id.*

1

complete until notice has been mailed to the defendant," as "the Due Process Clause is not satisfied until the plaintiff gives notice to a defendant."[6]

Defendant Zielinski, a North Carolina resident, allegedly drove a vehicle on Interstate 10 in Lafayette, Louisiana, which was involved in the accident forming the basis of Plaintiff's claims. Accordingly, the Louisiana Secretary of State is properly appointed as Zielinski's agent for service of process under §3475. Pursuant to §3475, Plaintiff served the petition and citation on the Secretary of State on June 30, 2021 but failed to mail notice to Defendant.[7] Service on Defendant Zielinski is, therefore, incomplete under applicable law. As of the date of issuance of this order, Plaintiff provides no response to the pending motion. Considering the foregoing, it is hereby

ORDERED that the Clerk of Court issue a Notice of Intent to Dismiss for failure to effect service pursuant to La. R.S. 13:3475.

SIGNED at Lafayette, Louisiana this 31st day of May, 2022.

_____
PATRICK J. HANNA
U.S. MAGISTRATE JUDGE

---

[6] Howard v. Krull, 438 F. Supp. 3d 711 (E.D. La. 2020)
[7] Rec. Doc. 5